UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

HECTOR LUIS LUGO IRIZARRY,

                          Plaintiff,                    23 Civ. 1894 (KMK) (AEK)

          -against-                                     **REPORT AND
                                                        RECOMMENDATION**

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

-------------------------------------------------------------x

**TO: THE HONORABLE KENNETH M. KARAS, U.S.D.J.**

Currently before the Court is Plaintiff Hector Luis Lugo Irizarry's motion for attorney's

fees pursuant to 42 U.S.C. § 406(b).  ECF Nos. 22-24.  For the reasons set forth below, I

respectfully recommend that the motion for attorney's fees be GRANTED.

BACKGROUND

Plaintiff filed an application for Social Security disability benefits on October 22, 2018,

claiming a disability onset date of January 1, 2016.  ECF No 23 ("Berger Aff.") ¶ 1.  After the

Social Security Administration ("SSA") denied his claims, Plaintiff requested a hearing before

an administrative law judge ("ALJ").  *Id*.  A hearing was held before ALJ Marguerite Toland on

March 10, 2020, and ALJ Toland issued a decision on June 3, 2021 finding that Plaintiff was not

disabled.  *Id*.  On December 7, 2022, the SSA's Appeals Council denied Plaintiff's request for

review of ALJ Toland's decision.  *Id*.

On March 2, 2023, Plaintiff signed a retainer agreement with Daniel Berger to pursue an

appeal of the denial of benefits in federal court.  Berger Aff. ¶ 2 & Ex. A ("Retainer

Agreement").  Pursuant to the Retainer Agreement, Plaintiff agreed to pay Mr. Berger up to 25

percent of any award of past-due benefits as a result of a successful appeal and subsequent award by the SSA following additional proceedings. *See id.*

Plaintiff filed his complaint in this action on March 6, 2023. ECF No. 1. The Commissioner filed the administrative record on May 8, 2023, ECF No. 7, and Plaintiff filed his brief in support of his position on August 21, 2023, ECF Nos. 11-12. On November 3, 2023, the parties filed a proposed stipulation and order of remand, ECF No. 13, and Your Honor so-ordered the stipulation that same day, ECF No. 14. Judgment was entered on November 6, 2023, and the case was remanded for further administrative proceedings. *See* ECF No. 16. On February 9, 2024, Your Honor signed a stipulation and order approving an award of fees in the amount of $7,054.93 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 21. Because those fees were applied to a delinquent debt owed by Plaintiff, counsel received no fees under the EAJA. *See* Berger Aff. ¶ 4 & Ex. B.

Upon remand to the SSA, a second administrative hearing was held on September 10, 2024, and ALJ Raymond Prybylski issued a decision on October 16, 2024 finding Plaintiff to be disabled and entitled to benefits. Berger Aff. ¶ 5. On September 22, 2025 the SSA issued a Notice of Award ("NOA") to Plaintiff, setting forth the benefits he would be receiving. *See* Berger Aff. Ex. D (NOA). The NOA also informed Plaintiff that the SSA had withheld 25 percent of his past-due benefits—a total of $20,334.75—for payment of attorney's fees. *See* Berger Aff. ¶ 9 & NOA at 3-4.

Mr. Berger filed the instant motion, which seeks $20,334.75 in attorney's fees, on September 30, 2025. *See* ECF Nos. 22-24. On December 1, 2025, the Commissioner filed a response in his limited role "resembling that of a trustee for the claimant[ ]." ECF No. 27 at 1 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). The Commissioner did not take a

specific position with respect to the fee request, and noted that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." *Id.* at 2.

## DISCUSSION

### I.     Legal Standard

"Three statutes authorize attorney's fees in social security actions.  42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not 'substantially justified.'" *LaFrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019).  Pursuant to Section 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).

### II.     Analysis

#### A.     Timeliness

In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period for seeking attorney's fees set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney's fee applications under 42 U.S.C. § 406(b); the filing period runs from the date on which the notice of award is received, and the period also may be subject to equitable

tolling. 932 F.3d 83, 85 (2d Cir. 2019).[1]  Here, the NOA is dated September 22, 2025, and the motion for attorney's fees was filed eight days later.  *See* ECF No. 22.  Accordingly, the motion was timely filed.

      **B.**       **Reasonableness of Fee Award**

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'"  *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022).  "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  *Id.* at 852-53 (quotation marks omitted).  "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingency fee agreement."  *Caraballo v. Comm'r of Soc. Sec.,* No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement."  *Fields*, 24 F.4th at 853 (cleaned up).  A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney

---

     [1] Rule 54(d)(2)(B) states that "[u]nless a statute or a court order provides otherwise," a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).

profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (cleaned up).

Here, counsel's requested fee is not greater than 25 percent of Plaintiff's past-due benefits, and there is no evidence or suggestion of fraud or overreaching in the negotiation of the Retainer Agreement.

The Court turns next to the reasonableness factors. First, the requested fee, comprising 25 percent of Plaintiff's past-due benefits, *see* NOA at 3-4, is in line with the character of the representation and results achieved. After bringing this action to challenge the denial of benefits, Mr. Berger was able to secure a remand to the SSA for further proceedings, and on remand obtained a decision awarding Plaintiff $81,339 in past due benefits. *See* Berger Aff. ¶ 5; NOA at 3; *see, e.g., Shrack v. Saul*, No. 16- cv-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (finding that where the plaintiff sought and obtained a remand to the SSA, and "the plaintiff received a fully favorable result upon remand," the fee was in line with character of representation and results achieved).

Second, Mr. Berger did not cause any unreasonable delay in this action to increase the size of the past-due benefits or attorney's fee. Counsel requested one agreed-upon extension to file Plaintiff's brief based on "unusually high case-volume," *see* ECF No. 8, and the Court granted that extension. There is no reason to believe that the extension was sought for any improper purpose.

Third, with respect to the "windfall" factor, counsel's requested fee of $20,334.75 is not inappropriately large in light of the 31.3 hours that Mr. Berger's firm devoted to this case and the successful result that was achieved. *See* Berger Aff. ¶¶ 7-9 & Exhibit C ("Timesheet"). For

purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship" with the claimant, (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

The work in this matter was performed by Mr. Berger (30.7 hours) and a paralegal (0.6 hours), and included review of the substantial administrative record and drafting the motion papers, which resulted in a stipulated remand. *See* Berger Aff. ¶¶ 7-9; Timesheet. Mr. Berger has extensive experience in litigating Social Security disability appeals, and he maintained a multi-year relationship with Plaintiff. *See* Berger Aff. ¶¶ 3, 5, 8. Courts within the Second Circuit generally and routinely endorse 20-40 hours for work performed by counsel in Social Security disability cases. *See Bass v. Kijakazi*, No. 16-cv-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022). The hours worked by Mr. Berger in this matter fall within this range, and reflect counsel's significant experience in these types of cases. In addition, the Court has no reason to believe that Plaintiff is in any way dissatisfied with the results of the representation. Counsel's efforts led to the reversal of the Commissioner's original denial of benefits and a significant award of past-due benefits to Plaintiff. *See* Berger Aff. ¶ 5; *Bass*, 2022 WL 1567700, at *5 (finding that counsel's success in advocating on behalf of plaintiff "militate[s] in favor of approving" fee request). Further, given that Plaintiff did not secure a remand until after his counsel filed an opening brief, it is apparent that a favorable outcome was uncertain. *See Fields*, 24 F.4th at 856 ("A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of non-recovery. That kind of unearned advantage is what the windfall concern

really is about.").  In these types of circumstances, contingency agreements, like the one at issue

here, present risks of non-payment—"payment . . . is inevitably uncertain, and any reasonable

fee award must take account of that risk."  *Id*. at 855-56 (cleaned up).  The award amount sought

here appropriately reflects this risk.

Finally, turning to the *de facto* rate—which is not dispositive, *see id.* at 854—counsel

would effectively be compensated here at a *de facto* blended hourly rate of approximately

$649.67 per hour ($20,334.75 for a total of 31.3 hours worked by both counsel and a paralegal);

the *de facto* hourly rate for Mr. Berger's time only would be $664.53.[2]  These rates are

substantially below both the $1,556.98 *de facto* hourly rate approved by the Second Circuit in

*Fields* and well within the range of *de facto* hourly rates that have been approved by various

courts within this Circuit.  *See* 24 F.4th at 854-57; *see also id.* at 856 n.10 (collecting cases with

*de facto* hourly rates ranging from $1,289.06 to $2,100).  In sum, none of these factors indicate

that the award requested by Mr. Berger would constitute a "windfall."  Moreover, because Mr.

Berger did not receive any fees under the EAJA, *see* Berger Aff. ¶ 4, there is no need for him to

refund any prior fee award to Plaintiff.  *See, e.g.*, *Santiago v. Saul*, No. 19-cv-9145 (VSB)

(OTW), 2023 WL 2929301, at *2 (S.D.N.Y. Apr. 13, 2023) ("As the full sum of Santiago's

EAJA award was applied to an outstanding debt, no reduction in the award to counsel or refund

to Santiago is required."); *Bermejo v. Comm'r of Soc. Sec.*, No. 18-cv-6926 (GBD) (VF), 2022

WL 10676429, at *1 n.1 (S.D.N.Y. Aug. 22, 2022) ("As Bermejo's counsel did not receive the

EAJA fees [presumably due to the fee being applied to a debt owed by Bermejo] ... there is no

---

[2] Whether or not the paralegal time is included in the analysis is immaterial— either way, the Court finds that the attorney's fee award requested by Plaintiff's counsel is reasonable.

7

offset required for any award under § 406(b)."), *adopted by* 2022 WL 10638093 (S.D.N.Y. Oct. 18, 2022).

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's motion for attorney's fees (ECF No. 22) be GRANTED, and that Mr. Berger be awarded $20,334.75, to be paid out of Plaintiff's past-due benefits in accordance with SSA policy.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(l) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have 14 days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any responses to such objections, must be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Kenneth M. Karas, United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 and to the chambers of the Honorable Andrew E. Krause at the same address.

Any request for an extension of time for filing objections or responses to objections must be directed to Judge Karas, and not to the undersigned.

**Failure to file timely objections to this Report and Recommendation will result in a waiver of objections and will preclude appellate review.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015).

Dated:  December 10, 2025
           White Plains, New York

                                                      Respectfully submitted,


                                                      _____
                                                      ANDREW E. KRAUSE
                                                      United States Magistrate Judge

9